O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENNETH OH, ) | Case No. EDCV 10-1076-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

Plaintiff Kenneth Oh seeks judicial review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons discussed below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I. Factual and Procedural History**

Plaintiff was born on September 29, 1964. He has a seventh grade education and no relevant work experience. (Administrative Record ("AR") 97, 191, 210.)

Plaintiff filed an application for SSI benefits on August 22, 2006, alleging that he had been disabled since August 22, 2006, due to seizure disorder. (AR 8, 181.) Plaintiff's application was denied initially and upon reconsideration (AR 99-103, 105-109.) Administrative hearings were held on May 9, 2008 (AR 57-96) and again on January 30, 2009 (AR 19-56) before Administrative Law Judge ("ALJ") David M. Ganly. Plaintiff, represented by counsel, appeared but did not testify. Medical Expert ("ME") Dr. Nafoosi and lay witness Sang Bin Park testified. (AR 23-54.)

On October 14, 2009, ALJ Ganly denied Plaintiff's application for benefits. (AR 8-18.) The ALJ found that Plaintiff suffered from the severe impairment, a seizure disorder, but that the impairment did not meet, or was not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but the claimant is limited by seizure precautions to include no climbing ladders, ropes or scaffolds, no working at unprotected heights, no working with machinery, and no working around open pools of water or other hazards." (AR 11.)

The ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform at all exertional levels and that the seizure precautions did not have a significant effect on the work that existed in the national economy. (Id.) Accordingly, it was determined that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 18.)

On June 30, 2010, the Appeals Council denied review (AR 1-3). Plaintiff then commenced this action for judicial review. On January 22, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed

facts and issues. Plaintiff contends that the ALJ erred by (1) failing to properly consider the testimony of the lay witness and (2) failing to properly develop the record. (Joint Stip. at 2.) Plaintiff requests that the Court reverse and remand for an award of benefits, or in the alternative, reverse and remand for a new administrative hearing. (Joint Stip. 14.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 15.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

**III. Discussion**

    **A.    The ALJ Properly Evaluated the Testimony of the Lay Witness**

    Plaintiff contends that the ALJ improperly discounted the testimony of lay witness San Bin Park. (Joint Stip. 3.) The ALJ found that Mr. Park was not fully credible because (1) Mr. Park had a financial interest in Plaintiff receiving benefits because Plaintiff, who had no other source of income lived with Mr. Park; (2) Mr. Park testified that he had taken Plaintiff to the emergency room at Bear Valley Community Hospital on multiple occasions but there was no record of Plaintiff being treated there; and (3) Mr. Park's description of Plaintiff's seizures was vague and contradictory. (AR 16.)

    A lay witness can provide testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

    The ALJ found Mr. Park's testimony not credible because he had a financial interest in seeing Plaintiff receive benefits given that "the claimant lives with Mr. Park ... [and] had no apparent source of income from which he could contribute to household expenses." (AR 16.) Under prevailing law, it was improper for the ALJ to discredit Mr. Park's testimony on the ground that he stands to gain financially from Plaintiff's receipt of SSI benefits. While some courts have held that an ALJ may consider a witness' financial interest in the award of benefits

in evaluating their credibility,[1] courts in the Ninth Circuit have consistently held that bias cannot be presumed from a familial or personal relationship. *See, e.g., Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999), *see also Hall v. Astrue*, 2010 WL 5128335 at *8 (C.D. Cal. 2010); *Traister v. Astrue*, 2010 WL 1462118, at *4 (C.D. Cal. 2010). This is because a personal relationship is a necessity for lay witness testimony since it is provided by people "in a position to observe a claimant's symptoms and daily activities." *Dodrill*, 12 F.3d at 918. The ALJ's reasoning that witnesses who live with or support a plaintiff are not credible for reasons of bias cannot be considered legally proper, since the same rationale could be used to reject lay witness testimony in almost every case. *Id.*

Although the ALJ improperly rejected Mr. Park's testimony on the basis of his alleged financial interest in Plaintiff obtaining SSI benefits, the ALJ also provided legitimate reasons for his credibility determination. The ALJ found that medical records did not support Mr. Park's testimony that he had taken Plaintiff to the emergency room at Bear Valley Hospital on at least five occasions in two years. (AR 16, 28-30, 382.) A certificate from Bear Valley Hospital demonstrated that Plaintiff had not been treated there.[2] (AR 382.) The fact that medical records did not support Mr. Park's testimony was a proper reason to discount his credibility.

In addition, the ALJ found that Mr. Park's "description of the

---

[1] *See, e.g., Buckner v. Apfel,* 213 F.3d 1006, 1013 (8th Cir. 2000); *Rautio v. Bowen*, 862 F.2d 176, 180 (8th Cir. 1988).

[2] Plaintiff now claims that the witness actually meant Desert Valley Community Hospital rather than Bear Valley Hospital. (Joint Stip. 4.) This claim will be addressed in greater detail below.

5

seizures he allegedly witnessed was so vague that it was not clear what type of seizure he witnessed or if the behavior he witnessed was seizure activity at all." (AR 16.) After reviewing Mr. Park's testimony, the Court agrees that his description of Plaintiff's alleged seizures was vague and confusing.[3] (AR 43-46.) Furthermore, Mr. Park gave conflicting testimony regarding the frequency of Plaintiff's seizures. For example, Mr. Park testified that he witnessed Plaintiff having two to three seizures a day. (AR 28.) However, he also testified that Plaintiff's last seizure occurred three days before the hearing and also testified that he witnessed fifteen seizures per month. (AR 43, 44.)

Where one of the ALJ's several reasons supporting an adverse credibility finding is invalid, the Court applies a harmless error standard. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-1197 (9th Cir. 2004)). As long as there remains "substantial evidence supporting the ALJ's conclusions on ... credibility" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," the error is deemed harmless and does not warrant reversal. *Id*. at 1197; *see also Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006)(defining harmless error as such error that is "irrelevant to the ALJ's ultimate disability conclusion"). Here, because the ALJ provided specific, legitimate reasons for discrediting Mr. Park's testimony, any error in improperly considering his supposed financial interest in Plaintiff obtaining SSI benefits was harmless. Therefore, relief is not warranted on this issue.

---

[3] The Court notes that some of this lack of clarity could be attributable to Mr. Park's apparent difficulty in speaking English.

**B.   The ALJ Properly Developed the Record**

Plaintiff claims that the ALJ abrogated his duty to develop the record because he did not seek medical records from Desert Valley Community Hospital. (Joint Stip. 12.) At the administrative hearing, lay witness San Bin Park testified that he had taken Plaintiff to the emergency room at Bear Valley Community Hospital in Victorville approximately five times between 2006 and 2008. (AR 28-29.) However, Bear Valley Community Hospital had no record of Plaintiff being treated there. (AR 382.)

A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id*. (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Plaintiff argues that the ALJ failed to properly develop the record because he did not obtain medical records from Desert Valley Hospital. (Joint Stip. 12-13.) However, there were no ambiguous medical records or conflicting medical findings that would trigger the ALJ's duty to develop the record. During the administrative hearing, lay witness Sang Bin Park stated on multiple occasions that he had taken Plaintiff to the emergency room at Bear Valley Hospital. (AR 28, 29, 30, 53.) Mr. Park never testified that he had taken Plaintiff to Desert Valley Community

Hospital. It is unclear to the Court how the ALJ could have been expected to realize that Mr. Park actually meant Desert Valley Community Hospital when he repeatedly referred to Bear Valley Hospital.

If medical records existed from Desert Valley Community Hospital showing multiple visits to the emergency room during the period at issue,[4] either Plaintiff himself or his attorney could have procured these records, rather than expecting the ALJ to do so. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."); *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir. 1994). In fact, in response to a direct request by the ALJ to obtain Plaintiff's emergency room and other records, Plaintiff's counsel specifically stated that he would make a request for Plaintiff's medical records. (AR 51, 55.) Thereafter, the only record that the ALJ received from counsel regarding Plaintiff's emergency room visits was a "certificate of no records" from Bear Valley Community Hospital. (AR 381-382.) Plaintiff is impermissibly attempting to shift his burden of proving disability to the Commissioner.

Plaintiff has failed to show that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation of the evidence. The ALJ was under no obligation to further develop the record. *See Mayes*, 276 F.3d at 459-60.

//

//

---

[4] The Court notes that there is evidence in the record of only one emergency room visit by Plaintiff to Desert Valley Hospital during the period at issue. (AR 237-252.) In addition, Plaintiff testified at the first administrative hearing held on May 9, 2008 that he had only visited the emergency room once in two years because he could not afford any additional visits. (AR 78-79.)

**IV. Conclusion**

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED: February 3, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge